I'm going to rely on my briefing for the first two issues, which are the speedy trial and effectiveness of counsel issues. I'm going to address this morning and limit my argument to the third issue, which is the Apprendi issue. The issue came into the case when Apprendi was decided, while Mr. Triplett's case was still on direct appeal before this court. It was briefed by the parties after it was decided. The government conceded that Apprendi required proof beyond a reasonable doubt, but argued that Mr. Triplett's sentence was appropriate because the two convictions could be stacked. And this court agreed, based on its Buckland decision, holding that because the 262-month sentence he received was greater than the statutory maximum of 240 months, that under sentencing guideline 5G1.2D, stacking was permitted. Blakely was decided while Mr. Triplett's 2255 proceeding took place. It was briefed by Mr. Triplett in a supplemental brief in the district court. The government didn't brief it. The district court didn't reach it or discuss it. It merely held that Mr. Triplett lost on that particular claim because he lost on the other claims that he had raised. I think the Ninth Circuit now has issued some recent opinion saying that Blakely and Booker is not retroactive. Yes. So your theory has got to be that you've got a right to get back to Apprendi. That's correct. Our position before you today will be that Blakely was a clarification of Apprendi. Apprendi applies and he's entitled to the benefit under Apprendi. And the support for that really comes out of the language used by the Supreme Court in both Booker and Blakely themselves. In Blakely, the court clarified that, quote, the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. The court emphasized in Blakely that its application of Apprendi to the sentencing guidelines was not new, but was dictated by a precedence. It said, quote, our precedence made clear, however, that the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant. Then in Booker, the majority opinion by Justice Stevens drove that point home. He concluded the opinion by stating, quote, reaffirming our holding in Apprendi, any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. The Booker majority also responded in a negative to the government's contention that it was expanding Apprendi. Our position, again, is that Blakely merely clarified Apprendi, and the place, I think, to focus or to think about this that's analogous is to ask yourself, well, what do we typically do in a federal sentencing when there's been a clarification? And that takes us to what happens when there's a guideline amendment. The law in this circuit and I think all the circuits is that if a new sentencing guideline amendment makes a substantive change in the law, you can't punish the defendant under that substantive change without running into an ex post facto problem. But on the other hand, if the new guideline amendment is merely a clarification of the law as it was, then you may apply it to him. Well, that same logic should apply here in Mr. Triplett's unique case. That is, Blakely came down after Apprendi. Did it affect a substantive change in the law, or did it clarify Apprendi? If Apprendi wasn't a sentencing guidelines case, then... Correct. It was a statutory case. And that's why in Booker, when Justice Stevens responded to the government's argument saying, well, wait a minute, you know, there wasn't any law made about the guidelines here. Justice Stevens said, well, in Apprendi, the guidelines weren't in play. The only issue was a statutory issue. Therefore, we phrased our holding and stated the issue in terms of statutory maximum. And that doesn't take away the petitioner's argument. And therefore, we reject the government's position. I believe Justice Stevens took that on head on. So that's the bottom line in this particular case. We have Blakely coming down. We have Apprendi having been in play while Mr. Triplett's case was on direct appeal. Blakely merely clarifies Apprendi. Mr. Triplett should be given the benefit of that, and his case should be remanded for... If we accepted your argument that Blakely just clarified Apprendi, would we then have to recall mandates and do resentencings, permit resentencings in every case after Apprendi? Every case where Apprendi had come down before the mandate issued from our court? That's a good question, and I don't know the answer to that. I don't know whether there Well, I don't think you'd have to recall the mandates, but in those cases like Mr. Triplett's where the petitioner brings a 2255 motion, then if Apprendi was in play at the time and if Blakely would warrant relief, then like Mr. Triplett, that movement under 2255 would be entitled to prevail. That would be my position. Thank you very much. Good morning, Your Honors. Jeffrey Kent on behalf of the United States. While Mr. Balski chose not to address the first two arguments and decided to rely upon his brief filings, obviously he made a, shall we say, impassioned point in his reply brief that the factual record below on the Roos issue, the Speedy Trial Act Roos issue, was predicated upon representations made by the prosecution to the court as opposed to evidence developed in an evidentiary hearing. If the court were to review the history of this case, and it is now approaching a decade, I believe, since the case first began in an investigative and ultimately a three-week-long trial sense, has already been before this court once before, the defendant, Mr. Triplett, raised without, with absolutely no factual basis whatsoever developed in the court below, including the very Speedy Trial Act legal claim, either factually or legally, yet attached newspaper reports and various off-the-record state court documents to support his theory that there was collusion between the federal prosecutor and the local prosecutor in delaying the filing of the federal charges. This court chose not to consider that, those issues, because it was couched in terms of an ineffective assistance of counsel claim. Thus, we now find ourselves following the path of the Speedy Trial Act claims arising under the ages of ineffective assistance of counsel. Again, the defense essentially filed much the same material that it filed with absolutely no record support previously in its 2255 motion. I just find it ironic that the defense would be complaining about the prosecutor not responding with evidence when the entire defense claim for all practical introduced to the district court. In considering that issue, what I would ask the court to do is first consider whether or not the defense even established a prima facie claim to justify an evidentiary hearing on roost between the federal prosecutor and the local prosecutor. In that respect, I refer you to the district court's finding on that issue in which the court essentially held the fact that the local prosecutor wanted the federal prosecutor to take the case because of the greater consequences for drug cases in the federal system. Did that in itself establish that there was a roost between the two systems? I would also ask the court to consider the obvious complexity of this case. There were some 50 witnesses presented at a three-week-long trial. Initially, the local prosecutor filed a melded conspiracy case against what I refer to in my Ultimately, it was determined, as we evaluated the case, that Halliman was a conspiracy distinct and separate from the Jenkins conspiracy. The full contours of the Jenkins conspiracy in itself were a challenge to ultimately shape the conspiracy charge. It went on for, I believe, over a year, involved much interstate activity and many, many participants, only six of whom were ultimately charged in the federal case. I just want to make sure that the court understands the quote, factual history of how this roost claim came to be before it. With regard to the Apprendi issue, or with regard to the Separate Speedy Trial Act issue, we will rely upon our basic brief argument and the supporting authority that it really is a charge analysis, that the initial charges filed in the complaint, in this case, were substantive charges. The defense's claim seems to center on the affidavit of the officer who claimed at the end of his affidavit that this supported conspiracy charges. Well, as the court well knows, as a matter of rudimentary criminal law, the prosecutor decides what charges will be. I think we have the fundamentals. Okay, very well. Right. And so our position, your honor, is that that comment in the affidavit, at the end of the affidavit. You've got U.S. v. Carrasco in the Ninth Circuit, I think supports your position on that Apprendi and Booker are just applying Apprendi. Well, because Apprendi had been decided before his appeal ran out. Yes, I understand that, your honor. I believe both this circuit decided both that, well, certainly decided that Blakely was not retroactive in a 2255 sense. As you noted, Judge Gold, the Ninth Circuit in Sharp v. Payne back in July, which was decided after the briefs were retroactive to 2255 petitions. It was only retroactive to cases and direct appeal. With regard to the arguments raised by defense counsel and these other, shall we say, more sophisticated arguments regarding the overall impact of Apprendi, Blakely, Booker, and Judge Stevens' comments, that's never been briefed by the government, your honor. I mean, it's raised for the first time in oral argument here. We would take the basic position as enunciated in the Sharp case, Sharp v. Payne, that Booker is not retroactive and that there is no residual right to make, as I understand the defense argument, Apprendi retroactive. Well, Apprendi doesn't have to be retroactive as far as they're concerned because Apprendi was decided while it was on appeal. Yes, I understand that, your honor, that that is their basic position, but our position, well, the Ninth Circuit's opinion, the first panel that considered this, essentially decided that even if Apprendi applied, that the Buckland decision of the Ninth Circuit, which I believe was an en banc decision after Apprendi, allowed the stacking of sentences. And in the Ninth Circuit's unpublished opinion in the rule of this case, the Ninth Circuit said that even if Apprendi did apply, the sentence here was proper because the district court had the power to stack the sentences. And that would continue to be our position, assuming, of course, that the substantive offense of manufacturing methamphetamine and the conspiracy offense, which the defense attacks on a speedy trial act basis, are affirmed in this 2255 appeal. There would then be two counts by which the sentences would continue to be stacked and Mr. Triplett's sentence would thereby be sustained. I sense, Judge Gould, that perhaps you had a lingering question. No, I was on that Buckland panel. I just hadn't focused on that issue. Thank you very much. Okay, thank you. Just two quick points. Let's wait till you get up to me. I'm sorry. May it please the court, two quick points. One is, we did our opening brief, our entire opening brief was the argument I made today. I didn't argue Blakely retroactivity because my position was it wasn't necessary. Only in my reply brief did I argue it. And as an oral argument, I conceded. Chard has taken that from me as we stand. That wasn't a new argument and they chose not to brief it in their response. But the bigger point I want to make is the government's position about stacking under Buckland is absolutely wrong because now that we know from Blakely that the maximum for Mr. Triplett is 135 to 168 months. That's less than the statutory maximum, which is 240 months. So stacking is not allowed under 5G 1.2. The sentence has to be longer than the statutory maximum to allow stacking to occur. And it was before. It was 262, which exceeded 240. But now it's 135 to 168. It's less. Stacking is not permitted and Buckland goes by the wayside. Thank you. All right. The case just argued will be submitted. We thank counsel both of you for your arguments.
judges: Fisher, Gould, Bea